IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LATRICYA LONDON                                                                    PLAINTIFF

v.                              Case No. 5:19-cv-00300 DPM-JTK

ANDREW SAUL, Commissioner
Social Security Administration                                                     DEFENDANT

## RECOMMENDED DISPOSITION

I. **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Chief Judge D. P. Marshall, Jr. A party to this suit may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong a d describe the evidence that supports that belief.

By not objecting, any right to appeal questions of facts may be jeopardized. And, if no objections are filed, Chief Judge Marshall can adopt this Recommendation without independently reviewing the record.

II. **Introduction**

Latricya London filed this lawsuit to appeal the decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) (DE #1, pp. 1-2). She filed an application for DIB on April 10, 2017, and for SSI on May 8, 2017, alleging a disability onset date of July 1, 2010 (*Id.*). The applications were denied at the initial and reconsideration levels (*Id.*; DE #9-1, p. 3). London subsequently filed a request for a hearing before an Administrative Law Judge (ALJ) (DE #9-1, p. 3; Exhibit 8). On July

25, 2019, the ALJ issued an unfavorable decision (DE #9-1, p. 3; Exhibit 9). Thereafter, London filed a request for review (DE #9-1, p. 3; Exhibit 10), and the Office of Appellate Operations acknowledged receipt of London's request in a letter dated August 30, 2019 (DE #9-1, p.3; Exhibit 11). The request remains pending for consideration by the Appeals Council.

London filed her federal civil action on September 18, 2019 (DE #1). Pending before the Court is Defendant's Motion to Dismiss (DE #8). Defendant contends this action should be dismissed because there is no final decision yet subject to judicial review before this Court under 42 U.S.C. § 405(g). Plaintiff did not file a response to the motion.

For the reasons that follow, the Motion to Dismiss ( DE #8) should be GRANTED.

### III. Discussion

A federal district court's jurisdiction to review decisions regarding disability benefits is governed by 42 U.S.C. § 405(g). Under § 405(g), the court lacks subject-matter jurisdiction until "the claimant . . . present[s] a claim for benefits to the Secretary and then exhaust[s] the administrative remedies prescribed by the Secretary." *Titus v. Sullivan*, 4 F.3d 590, 592 (8th Cir. 1993) (citation omitted). In order to establish exhaustion, § 405(g) generally requires a "final decision of the Commissioner of Social Security made after a hearing."

Here, the Commissioner has not issued a final decision on London's claim; London's request for review is still pending before the Appeals Council. Thus, because the Appeals Council has yet to rule on London's request for review, there is no final decision subject to judicial review, and London has not exhausted her administrative remedies. *See Sipp v. Astrue*, 641 F.3d 975, 979-80 (8th Cir. 2011).

### IV. Conclusion

The Motion to Dismiss (DE #8) should be granted.

SO ORDERED this 5th day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE